IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DEOSEN BIOCHEMICAL (ORDOS), LTD., DEOSEN BIOCHEMICAL LTD )<br>)<br>)   *Plaintiffs*,<br>)<br>v.      )<br>)<br>The United States  )<br>)<br>    *Defendant.* | **Court No. 22-00065** |

**COMPLAINT**

Plaintiffs Deosen Biochemical (Ordos) Ltd. and Deosen Biochemical Ltd. (collectively "Plaintiffs" or "Deosen"), by their counsel, state the following claims against the Defendant, the United States.

I. **JURISDICTIONAL STATEMENT**

1. This action contests the factual findings and legal conclusions issued by the U.S. Department of Commerce ("Commerce") in the 7th administrative review of Xanthan Gum from the People's Republic of China (Case No. A-570-985) for the period of July 1, 2019 through June 30, 2020 ("AR7"). *See Xanthan Gum from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019–2020*, 87 Fed. Reg. 7,104 (Dep't of Commerce, February 8, 2022) ("Final Results").

2. Commerce's analysis of issues raised and decisions thereon in the Final Results is contained in, *inter alia*, the "*Issues and Decision Memorandum for the Final Results of the 2019-2020 Antidumping Duty Administrative Review of Xanthan Gum from the People's Republic of China*" (January 31, 2022) ("Final Decision Memo").

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) because the action is commenced under Section 516A of the Tariff Act of 1930, as amended (the "Act") (19 U.S.C. § 1516a).

## II.    STANDING OF PLAINTIFFS

4. Plaintiffs are Chinese producers and/or exporters of the subject merchandise.  They are therefore interested parties as defined in 19 U.S.C. § 1677(9)(A).  Plaintiffs participated in the administrative review that is the subject of this action, and accordingly have standing under 19 U.S.C § 1516a(d) and 28 U.S.C. § 2631(c) to bring this action.

## III.    TIMELINESS OF THIS ACTION

5. The Final Results of AR7 were published in the Federal Register on February 8, 2022 (87 Fed. Reg. 7,104).  Plaintiffs commenced this action by filing a summons on March 7, 2022, which is within 30 days of the publication of the Final Results.  This Complaint is being timely filed under 19 U.S.C. § 1516a(2)(A).

## IV.    TIMELINE OF THE EVENTS

6. On July 19, 2013, Commerce published in the Federal Register an antidumping duty order on xanthan gum from China (the "Order").

7. On September 3, 2020, Commerce initiated a review of the Order with respect to Deosen and other Chinese xanthan gum producers and/or exporters.  *See Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 85 Fed. Reg. 54,983 (September 3, 2020) ("Initiation Notice").

8. On October 2, 2020, Deosen Biochemical Ltd. submitted a No Shipment Certification to Commerce, stating that it did not sell or export subject merchandise during the period of review ("POR").

9. On October 14, 2020, Deosen timely submitted a separate rate application ("SRA"), and on June 10, 2021 timely responded to Commerce's supplemental questionnaire on the SRA.

10. On October 28, 2020, Commerce selected Fufeng[1] and Meihua[2] as mandatory respondents for individual examination, which subsequently responded to Commerce's questionnaires.

11. On August 5, 2021, Commerce published the preliminary results of the review. *See Xanthan Gum from the People's Republic of China: Preliminary Results of the Antidumping Duty Administrative Review, Partial Rescission of the Antidumping Duty Administrative Review, and Preliminary Determination of No Shipments*, 86 Fed. Reg. 42,781 (Aug.5, 2021) ("Preliminary Results"). Commerce preliminarily found that Fufeng did not make sales of subject merchandise in the United States at prices below normal value during the POR. Commerce preliminarily found that Meihua knowingly reported incorrect sales information to Commerce and withheld certain relevant information from Commerce about the reported sales and assigned a dumping margin of 154.07 percent to Meihau based on total adverse facts available ("AFA"). *See Decision Memorandum for the Preliminary Results of the Seventh Antidumping Duty*

---

[1] Fufeng refers to the collapsed entity, Neimenggu Fufeng Biotechnologies Co., Ltd. (aka Inner Mongolia Fufeng Biotechnologies Co., Ltd.), Shandong Fufeng Fermentation Co., Ltd., and Xinjiang Fufeng Biotechnologies Co., Ltd. (collectively, Fufeng).
[2] Meihua refers to the collapsed entity, Meihua Group International Trading (Hong Kong) Limited, Langfang Meihua Biotechnology Co., Ltd., and Xinjiang Meihua Amino Acid Co., Ltd. (collectively, Meihua).

*Administrative Review of Xanthan Gum from the People's Republic of China* (July 30, 2021) ("Preliminary Decision Memo").

12. In the Preliminary Results, Commerce found Deosen eligible for a separate rate. In determining the separate rate, Commerce preliminarily assigned a margin of 77.04 percent, which is equal to the simple average of the dumping margins of the two mandatory respondents.

13. In the Preliminary Results, Commerce declined to rescind the review with respect to Deosen Biochemical Ltd. despite of its no shipment certification.

14. On September 14, 2021, Deosen submitted a case brief for Commerce's consideration. Deosen argued that the separate rate preliminarily assigned to Deosen based on a simple average of the rates assigned to Fufeng and Meihua was unreasonable under section 735(c)(5)(B) as applied to Deosen because the rate was not reasonably reflective of Deosen's potential dumping margin as a fully cooperative non-investigated producer/exporter. The simple-average rate of 77.4 percent far exceeded the zero margin determined for the cooperative mandatory respondent. Such an unjustifiably high rate amounted to "being punitive, which is not permitted by the state." *Yangzhou Bestpack Gifts & Crafts Co. v. United States*, 716 F.3d 1370, 1378 (Fed. Cir. 2013).

15. In its case brief, Deosen argued that Commerce should exclude any AFA rate from the calculation of the separate rate for Deosen. Commerce should use either the non-AFA rate calculated for Fufeng, or individually calculated rate(s) for cooperative respondents from prior reviews. Deosen argued that if Commerce continued to find a zero margin for Fufeng and apply total AFA to Meihua in the Final Results, at a minimum, it should use a

rate not higher than 9.3 percent, which was the rate individually calculated for Deosen in the third administrative review of the Order.

16. In its case brief, Deosen further argued that Deosen Biochemical Ltd. timely notified Commerce that it did not sell or export any subject merchandise to the United States during the POR.  Deosen's commercial documents on the record show that Deosen Biochemical (Ordos) Ltd. was the only Deosen entity that produced and exported subject merchandise to the United States during the POR.  Accordingly, Commerce should rescind the review with respect to Deosen Biochemical Ltd.

17. Other parties including the petitioner did not comment on the issues raised by Deosen.

18. On February 8, 2022, Commerce published the Final Results, which remained largely unchanged from the Preliminary Results.  Commerce continued to assign a zero margin to Fufeng and base Meihua's margin on total AFA.  Commerce rejected Deosen's argument with respect to the separate rate calculation and Desoen Biochemical Ltd.'s review status and continued to assign a separate rate of 77.04 percent to both Deosen entities.

## V.  STATEMENT OF CLAIMS

### Count I

19. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1-18.

20. 19 U.S.C. 1673d(c)(5)(B) states that Commerce may use any "reasonable method" for calculating the rate for non-individually investigated respondents if all mandatory respondents receive zero percent margin, *de minimis*, or margins based entirely on adverse facts available.  Under the specific circumstances of this review, using a simple

average of Meihua's total AFA rate and Fufeng's zero rate was not a "reasonable method."

21. Commerce's decision not to assign Deosen the rate given to Fufeng was unsupported by substantial record evidence and was otherwise contrary to law.

## Count II

22. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1-21.

23. Deosen proposed that Commerce could determine a separate rate for Deosen using other information on the record to comply with 19 U.S.C. 1673d(c)(5)(B), such as a separate rate from a prior review of the AD order. Commerce's decision not to use such an alternative rate was unsupported by substantial record evidence and was otherwise contrary to law.

## Count III

24. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1-23.

25. Commerce's decision not to rescind the review with respect to Deosen Biochemical Ltd. was unsupported by substantial evidence and was otherwise contrary to law.

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiffs pray that this Court enter judgment as follows:

(1) hold that the Commerce's determinations in Counts I - III were unsupported by substantial evidence and were otherwise not in accordance with the law;

(2) order Commerce to recalculate the antidumping rate assigned to the Plaintiffs in AR7 by correcting the errors set forth in Counts I-III;

(3) order Commerce to publish amended final results in the Federal Register in accordance with a final decision by the Court in this matter;

(4) order Commerce to issue liquidation instructions to U.S. Customs and Border Protection consistent with the Court's decision; and

(5) award such other and further relief as this Court may deem appropriate.

    Respectfully submitted,

    */s/ Chunlian Yang*

    Chunlian "Lian" Yang
    Lucas Queiroz Pires
    ALSTON & BIRD LLP
    950 F St N.W.
    Washington D.C. 20004
    (202) 239-3490
    Lian.Yang@alston.com

    Counsel for Deosen Biochemical (Ordos) Co. Ltd. and Deosen Biochemical Co. Ltd.,

    April 6, 2022